UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SHAUN A. WHITECALF,<br><br>            Plaintiff,<br><br>    vs.<br><br>WARDEN DARIN YOUNG, SO.<br>DAKOTA STATE PENITENTIARY; AND<br>THE ATTORNEY GENERAL OF THE<br>STATE OF SOUTH DAKOTA,<br><br>            Defendants. | 5:14-CV-05072-JLV<br><br>ORDER |

**INTRODCUTION**

Petitioner, Shaun A. Whitecalf, ("Whitecalf") an inmate at the South Dakota State Penitentiary, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee.

**JURISDICTION**

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Viken's Standing Order dated October 16, 2014.

**BACKGROUND**

Whitecalf was convicted (pursuant to a plea agreement) on November 5, 2012, of First Degree Rape. He was sentenced to twenty-five years' imprisonment with ten years suspended.   Whitecalf did not file a direct appeal to the South Dakota Supreme Court.  He did not file a petition for certiorari to the United States Supreme Court.   Whitecalf  filed his state habeas corpus petition on July 12, 2013.  The state habeas petition was denied by the state

circuit court without a hearing, but Whitecalf's § 2254 papers do not specify the date on which the state circuit court dismissed his state habeas petition. Whitecalf did not seek review of the state circuit court's dismissal of his state habeas petition from the South Dakota Supreme Court. Thereafter, Whitecalf filed this federal habeas petition pursuant to 28 U.S.C. § 2254 on October 15, 2014.

**DISCUSSION**

**A.    Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order . . .

This Court's preliminary review, required by Rule 4, reveals that Whitecalf's pending § 2254 petition may be unexhausted and/or barred by the AEDPA statute of limitations.

**B.    The AEDPA Exhaustion Requirement**

South Dakota law provides an avenue for habeas corpus relief.  *See* SDCL Chapter 21.  Prisoners may file their petitions first in the Circuit Court where their conviction occurred (SDCL § 21-27-14.1).    The South Dakota Supreme Court reviews final state habeas judgments or orders upon the issuance of a certificate of probable cause.  *See* SDCL § 21-27-18.1.  If no

2

certificate of probable cause is issued by the Circuit Court, the prisoner may file a separate motion with the South Dakota Supreme Court requesting the certificate directly from the Supreme Court.  *Id.*

As a general rule, a petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies.  28 U.S.C. § 2254(b)(1)(A).  The doctrine of exhaustion requires "as a matter of comity, federal courts should not consider a claim in habeas corpus petition until after the state courts have had an opportunity to act."  *Mellott v. Purkett,* 63 F.3d 781, 784 (8th Cir. 1995) *quoting Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982).  "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."  *Id.* (citation omitted).  A strong presumption exists to require a prisoner to exhaust his state remedies, and the exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist."  *Mellott*, 63 F.3d at 785.  In *Mellott,* the Eighth Circuit found the prisoner's assertion of a seventeen month delay in state court was not a circumstance which warranted waiver of the exhaustion requirement.

The Petitioner bears the burden to show all available state remedies have been exhausted, or that exceptional circumstances exist which warrant waiver of exhaustion.  *Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998). Whitecalf has not made either showing.  Whitecalf has not exhausted his state remedies, because he did not seek a certificate of probable cause from the South Dakota Supreme Court.  Neither has he made a showing of exceptional circumstances.  This federal habeas claim, therefore, is premature.  Dismissal without prejudice is appropriate when a prisoner has failed to exhaust his state remedies.  *Id.*

**C.    AEDPA Statute of Limitations**

The AEDPA contains a one year statute of limitations.   Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)    (1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant  was prevented from filing by such State action;
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> **(2)**    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to tolling. *See* 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. *Faulks v. Weber*, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." *Duncan v. Walker*, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." *Id.*

5

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005) (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000)); *see a*lso *Johnson v. Kemna*, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." *Jihad*, 267 F.3d at 805.  Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." *Maghee*, 410 F.3d at 475 (citing *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)).  In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

The Court may raise the statute of limitations issue *sua sponte*.  *Day v. McDonough*, 547 U.S. 198, 209 (2006).  The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." *Day*, 547 U.S. at 210.  Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the

6

limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." *Id.* Accordingly, the Court will order the parties to show cause why this federal petition should not be dismissed as untimely.

### CONCLUSION and ORDER

With the above general principles in mind, and having preliminarily reviewed Whitecalf's § 2254 petition, IT IS ORDERED:

(1) The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota,  copy of Whitecalf's petition and this Order;

(2) On or before January 19, 2015, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Whitecalf's federal habeas petition, filed October 15, 2014, should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1) and/or unexhausted pursuant to 28 U.S.C. § 2254(b)(1)(A).

DATED this 18th day of December, 2014.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge

7