UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SHAUN A. WHITECALF,<br><br>     Plaintiff,<br><br> vs.<br><br>WARDEN DARIN YOUNG, South Dakota State Penitentiary, and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOA,<br><br>     Defendants. | CIV. 14-5072-JLV<br><br>ORDER DENYING MOTION TO STAY STATE COURT SENTENCE |

  On November 5, 2014, plaintiff Shaun Whitecalf moved the court for an order staying his state court sentence under 28 U.S.C. § 2251(a)(1).  (Docket 4). Previously, on October 17, 2014, Mr. Whitecalf filed a petition for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254.  (Docket 1).

  "A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."  28 U.S.C. § 2251(a)(1).  The language of the statute does not set forth the relevant standard that a judge is to apply in determining whether a motion to stay brought under 28 U.S.C. § 2251 is meritorious.[1]  St. John v. State of N.C., 745 F. Supp. 1165, 1167 (W.D.N.C. 1990) (citing Bundy v. Wainwright, 808 F.2d 1410, 1421 (11th Cir.1987)).

---

[1]The court notes that at least one court which analyzed the issue determined that a "court's power under Title 28 U.S.C. § 2251, refers *only to* State court *proceedings*, not to service of sentences imposed by a State court." Kleczka v. Com. of Mass., 259 F. Supp. 462, 465 (D. Mass. 1966) (emphasis added).

Courts have articulated the following factors in deciding whether to grant a motion to stay under 28 U.S.C. § 2251 in non-capital cases:

1. Are substantial claims set forth in the petition?

2. Is there a demonstrated likelihood the petition will prevail?

3. Are there extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective, presumably if granted?

In short, is this case distinguishable from other habeas corpus cases?[2]

Stepney v. Lopes, 597 F. Supp. 11, 14 (D. Conn. 1984) (citing Iuteri v. Nardoza, 662 F.2d 159 (2d Cir. 1981); Aronson v. May, 85 S. Ct. 3 (1964); Glynn v. Donnelly, 470 F.2d 95 (1st Cir. 1972); Eaton v. Holbrook, 671 F.2d 670 (1st Cir. 1982); Monroe v. State Ct. of Fulton Cty., 560 F. Supp. 542 (N.D.Ga. 1983); Pfaff v. Wells, 648 F.2d 689 (10th Cir. 1981); Bates v. Estelle, 483 F. Supp. 224 (S.D. Tex. 1980)); see also Rado v. Meachum, 699 F. Supp. 25, 26-27 (D. Conn. 1988)

---

[2]The court found no United States Court of Appeals for the Eighth Circuit case law directly on point with this issue but does note that the aforementioned three-prong test is substantially similar to the four-prong test applied by the Eleventh and Fifth Circuits when deciding whether to grant stays of execution in capital cases. See Bundy v. Wainwright, 808 F.2d 1410, 1421 (11th Cir. 1987) (A court must consider "whether the movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting the stay would serve the public interest."); Brogdon v. Butler, 824 F.2d 338, 340 (5th Cir. 1987) ("[I]n deciding whether to issue a stay, [a court] must consider: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.") (citations omitted).

(quoting; see also St. John v. State of N.C., 745 F. Supp. 1165, 1167 (W.D.N.C. 1990); Richard v. Abrams, 732 F. Supp. 24, 25 (S.D.N.Y.1990).

When analyzing a section 2251 motion to stay in accordance with the above factors, the court also must keep the principles of comity and federalism in mind. Rado, 699 F. Supp. at 263. A "petitioner . . . seeking a stay of execution pending the final disposition of a habeas action does not enjoy a presumption of innocence" because the petitioner has already been convicted and exhausted his state appeals. St. John, 745 F. Supp. at 1167 (citations omitted). "A court considering a stay must apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" Hill v. McDonough, 547 U.S. 573, 584 (2006) (quoting Nelson v. Campbell, 541 U.S. 637, 650, (2004).

"[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." Hill, 547 U.S. at 584 (citations omitted) (The Court analyzed granting a stay in the context of a capital case, however, the analysis is equally applicable in non-capital cases.); see also St. John, 745 F. Supp. at 1168 ("The state has a significant interest in bringing some degree of finality to its criminal prosecutions and the judgments of its courts after conviction. . . . an order by a federal court staying the execution of a sentence imposed by a state court interferes

3

substantially with the state's interest, the federal court should "tread lightly before interfering.") (citing Rado, 699 F. Supp. at 26).

In short, Mr. Whitecalf's case is not distinguishable from other habeas cases.  Mr. Whitcalf asserts he was accused of a crime he did not commit; that he was not charged with first degree rape until eighteen months after he met with law enforcement personnel; and that the examination performed by hospital personnel indicated he did not commit the offense of first degree rape.  See Dockets 1 & 4.  Mr. Whitecalf further asserts he is a not a danger to society and is a productive citizen.  (Docket 4).

Even when the court assumes *arguendo* that Mr. Whitecalf has set forth substantial claims in his habeas corpus petition, he fails to satisfy the remaining factors the court must consider.  The court's review of Mr. Whitecalf's petition revealed no information that would cause it to conclude any obvious constitutional errors were committed.[3]  Thus, Mr. Whitecalf has failed to demonstrate a likelihood his habeas petition will prevail.  Mr. Whitecalf also failed to demonstrate the presence of extraordinary circumstances in his proceedings.  Finally, the substance of Mr. Whitecalf's motion to stay under 28 U.S.C. § 2251 largely mirrors the claims contained in his petition under 28 U.S.C. § 2254, which is currently pending before this court.  Compare Docket 1, with Docket 4.  Mr. Whitecalf has not overcome the strong equitable

---

[3]The court makes no judgment on the merits of Mr. Whitecalf's underlying 28 U.S.C. § 2254 petition at this time.  The court's order is limited to Mr. Whitecalf's failure to demonstrate "a clear deprivation of constitutional rights [or] a strong likelihood that a writ will issue."  Rado, 699 F. Supp. at 27.

4

presumption against granting a stay where the claim can be considered on its merits without requiring entry of a stay.   Hill, 547 U.S. at 584 (citations omitted).   For these reasons, Mr. Whitecalf's motion to stay his state court sentence is denied.   Accordingly, it is hereby

ORDERED that the motion (Docket 4) is denied.

Dated January 15, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE