UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SHAUN A. WHITECALF,<br><br>              Petitioner,<br><br>vs.<br><br>WARDEN DARIN YOUNG, South<br>Dakota State Penitentiary, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF SOUTH DAKOTA,<br><br>              Respondents. | CIV. 14-5072-JLV<br><br><br>ORDER |

On October 17, 2014, petitioner Shaun Whitecalf, an inmate at the South Dakota State Penitentiary, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 1). On November 5, 2014, Mr. Whitecalf filed a motion to stay his state court sentence. (Docket 4). This court denied the motion. (Docket 8). On January, 15, 2015, Mr. Whitecalf filed a brief in support of his habeas petition. (Docket 10). On January 16, 2015, respondents jointly moved to dismiss the petition. (Docket 11).

Pursuant to the court's October 16, 2014, standing order and 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Veronica L. Duffy. On June 29, 2015, Judge Duffy issued a report recommending the court grant respondents' motion to dismiss. (Docket 8). Respondents did not file objections to the report and recommendation. Mr. Whitecalf requested and was given until August 17, 2015, to file any objections to the report and recommendation. (Dockets 14 & 15). On August 7, 2015, Mr.

Whitecalf wrote the court to "request[] that [his] case not be dismissed but be sent back to the state court so that [he] may exhaust all [his] state remedies." (Docket 16). Beyond agreeing with Judge Duffy's determination that he has not yet exhausted his state remedies, Mr. Whitecalf did not object to the report and recommendation. The time for doing so has now passed. The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable case law. The court further finds Judge Duffy's legal analysis is well-reasoned.

The court denies Mr. Whitecalf's request to hold his habeas petition in abeyance while he attempts to exhaust his state court remedies. (Docket 16). Mr. Whitecalf's federal habeas petition is not only procedurally defaulted but is also time barred. (Docket 13). Remanding Mr. Whitecalf's habeas petition to state court will not cure the untimeliness. Mr. Whitecalf failed to adduce any evidence demonstrating that his failure to exhaust his state court remedies is supported by good cause. (Dockets 13 at pp. 15-16; 16); see also Rhines v. Weber, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").[1]

---

[1]Because Mr. Whitecalf failed to demonstrate good cause for his failure to exhaust his state court claims, the court need not address the remaining two Rhines considerations. See Rhines, 544 U.S. 277-78.

2

Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that respondents' motion to dismiss (Docket 11) is granted.

IT IS FURTHER ORDERED that the report and recommendation (Docket 13) is adopted in full.

IT IS FURTHER ORDERED that Mr. Whitecalf's motion (Docket 16) is denied.

IT IS FURTHER ORDERED that Mr. Whitecalf's petition (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the

petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." Id. The court does not believe reasonable jurists would find the court's ruling debatable or wrong. Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Whitecalf may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated September 4, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE